**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UMG RECORDINGS, INC. and UNIVERSAL MUSIC GROUP, INC., | No. 08-56905 |
| Plaintiffs - Appellees, | D.C. No. CV-07-03257 GAF (AGRx) |
| v. | MEMORANDUM[*] |
| AMERICAN HOME ASSURANCE COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted March 4, 2010
Pasadena, California

Before:   KOZINSKI, Chief Judge, W. FLETCHER, Circuit Judge, and
TUNHEIM,[**]  District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

American Home Assurance Company ("American Home") appeals the district court's denial of its motion to stay proceedings pending arbitration. The district court concluded that the mandatory arbitration provision does not extend to the claims by UMG Recordings, Inc. and Universal Music Group, Inc. (collectively, "UMG") against American Home. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(A), and we affirm.

First, the district court properly reached the issue of arbitrability. The arbitration provisions in the payment agreements do not contain clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). For example, they state that arbitrators have exclusive jurisdiction to resolve questions of arbitrability, but they also state that actions concerning arbitrability must be brought in New York courts.

Second, the underlying dispute does not arise out of the payment agreements and therefore is not subject to the mandatory arbitration provisions. American Home concedes that the arbitration provisions do not extend to disputes over the policies, including the claims UMG raises in its complaint. UMG's contention that it might not be obligated to perform in full its duties under the policies if American Home acted in bad faith does not transform those claims into disputes "arising out

2

of" the payment agreements. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983); *cf. Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 411 F.3d 669, 670-72 (6th Cir. 2005).

For the foregoing reasons, we **AFFIRM** the district court's denial of American Home's motion to stay proceedings pending arbitration.